BLACKMORE v. GUARANTEE CO. OF NORTH AMERICA et al.

(Circuit Court of Appeals, Sixth Circuit. October 9, 1895.)

No. 309.

CONTRACTS—ACTIONS—DEFENSES—NON EST FACTUM.

Plaintiff, as receiver of a national bank, sued a former employé of the bank and a guaranty company upon a bond of indemnity against the fraudulent acts of such employé, which contained a provision that it should be essential to the validity of the bond that the employé's signature be subscribed thereto. The defendants pleaded non est factum. The bond offered in evidence was not signed by the employé of the bank, and there was no evidence that it had been executed by the defendant company. The court sustained defendants' plea, and dismissed the suit. *Held* no error.

Error to the Circuit Court of the United States for the Middle District of Tennessee.

This was an action by James W. Blackmore, receiver of the Commercial National Bank of Nashville, Tenn., against the Guarantee Company of North America and William H. Scoggins, upon a bond of indemnity. The circuit court dismissed the suit. Plaintiff brings error. Affirmed.

Champion, Head & Brown, for plaintiff in error.

Granbery & Marks and Stokes & Stokes, for defendants in error.

Before TAFT and LURTON, Circuit Judges, and HAMMOND, J.

TAFT, Circuit Judge. This is a writ of error to a judgment of the circuit court of the United States for the Middle district of Tennessee. The declaration was on a bond of the Guarantee Company of North America agreeing to reimburse the plaintiff, the Commercial National Bank, to the amount of $10,000 for any pecuniary loss sustained by it from the fraudulent acts of Scoggins, its assistant cashier, during the continuance of the bond. The averment of the declaration was that the Commercial National Bank had during the life of the bond sustained large pecuniary losses greatly in excess of $10,000 through the fraudulent acts of Scoggins in falsely certifying as good checks drawn by the firm of Dobbins & Dazey upon said bank when their account was largely overdrawn, and they had no funds to their credit out of which such checks should or could have been paid. The bond was made a part of the declaration, and filed with it. It contained in its body this provision: "That it is essential to the validity of this bond that the employé's signature be hereunto subscribed and witnessed." And the copy shown did not contain any such signature. The defendant the Guarantee Company of North America, among other pleas, filed this: "That the bond upon which plaintiff's action is founded was never executed." The defendant Scoggins filed a plea as follows: "That the bond upon which the plaintiff's action is founded was not executed by him, or by any one authorized to bind him in the premises." The case came on to be heard before the court by consent without the intervention of a jury. The court held that the plea of non est factum was good, and dismissed the suit at the cost of the plaintiff. The bill of exceptions was as follows:

"The plaintiff read the bond exhibited with the bill and made a part hereof. The plaintiff then offered evidence tending to show, and which did show, that the defendant Scoggins certified checks drawn by the firm of Dobbins & Dazey on the Commercial National Bank in excess of the sum of ten thousand dollars, and at a time when the account of the said firm was overdrawn. To this evidence the defendant objected, which exception was taken under consideration by the court. The plaintiff thereupon rested his case, and upon the motion of the defendants for judgment the court sustained the exception of the defendants to the introduction of the evidence tending to show the certifications of checks of said firm by the defendant Scoggins, and sustained the plea of non est factum interposed by the defendants, upon the ground that the bond sued upon was not signed by Scoggins. To which action of the court the plaintiff then and there excepted, and now asks that this bill of exceptions be signed and sealed, and made a part of the record.

"November 23, 1894.　　　　　　　　　　　D. M. Key, Judge."

The action of the court in refusing to permit the bond to be introduced in evidence was plainly correct. There was no evidence to show that it was the bond of the defendant, and the issue had been directly raised by the plea of non est factum. It is now sought to argue before this court that the defendant company is estopped to claim that the bond was not executed, but no evidence upon which such estoppel is asserted is incorporated in the bill of exceptions, and,

so far as this court can properly know, none was adduced before the court below. The plaintiff failed to prove that the bond had been executed by the defendant, and without this proof the court could have taken no other action than to dismiss the suit at the cost of the plaintiff.

The judgment of the court below is affirmed, at the costs of the plaintiff in error.